IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

BOBBY BLAKE,

        **Plaintiff,**

v.                                        **Case No. 3:20-cv-00178**

COUNSELOR STEPP; and
COUNSELOR PHILLIPS,

        **Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Plaintiff Bobby Blake, proceeding *pro se* and incarcerated in the Western Regional Jail and Correctional Facility (the "Jail") in Barboursville, West Virginia, filed an Application to Proceed Without Prepayment of Fees and Costs, as well as a Complaint pursuant to 42 U.S.C. § 1983, alleging that the defendants violated Plaintiff's constitutional rights by withholding mail that was sent to him in November 2019. (ECF Nos. 1, 2). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned **FINDS** that the complaint fails to state a viable claim under § 1983. Accordingly, the undersigned **DENIES** Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1). In addition, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **DISMISS** the complaint, (ECF No. 2), and **REMOVE** this civil action

from the docket of the court.

## I.     <u>Relevant Facts</u>

Plaintiff alleges that, on November 13, 2019, his girlfriend sent mail to him while he was an inmate at the Jail. (ECF No. 2 at 4). Plaintiff claims that the mail was received by the Jail on November 15, 2019, but the defendants, Counselors Stepp and Phillips, withheld it, preventing its delivery to Plaintiff. According to Plaintiff, he filed a grievance over the missing mail, but was told that there was no mail being held and that no mail addressed to him was returned to the sender. (*Id.* at 2). Plaintiff states that he was discharged from the Jail on December 19, 2019, and the withheld mail was subsequently returned to his girlfriend in January 2020. For relief, Plaintiff wants the "counselors fired and financial compensation of $50,000." (*Id.* at 5).

## II.    <u>Standard of Review</u>

Pursuant to the provisions of 28 U.S.C. § 1915A, the court must screen each case "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must dismiss the case, or any part of it, if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A "frivolous" case has been defined as one which lacks "an arguable basis either in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A case lacks an arguable basis in law when it relies upon an indisputably meritless legal theory, *Denton v. Hernandez,* 504 U.S. 25, 31-32 (1992); *Anders v. California*, 386 U.S. 738, 744 (1967). A case lacks an arguable basis in fact when the supporting allegations describe "fantastic or delusional scenarios." *Neitzke,* 490 U.S. at 328. Similarly, a complaint fails to state a compensable

claim when, upon viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007). The  Supreme Court of the United States further clarified the "plausibility" standard in *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009), stating that the court is required to accept as true the factual allegations asserted in a complaint, but is not required to accept the legitimacy of legal conclusions that are "couched as … factual allegation[s]." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 554). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679.

This Court is required to liberally construe *pro se* complaints, such as the one filed in this civil action. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the complaint must present more than naked allegations of wrongdoing to survive a § 1915A screening. Conclusory statements without rational and specific factual support are insufficient to state a claim. *Adams v. Rice,* 40 F.3d 72, 74-745 (4th Cir. 1994). The court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

III.   **Discussion**

Inmates enjoy a First Amendment right to send and receive mail. *Thornburgh v.*

3

*Abbott,* 490 U.S. 401, 407–08 (1989). At the same time, correctional facilities have a right to develop policies to control the mail to and from inmates to the extent that a legitimate penological goal is achieved and the policies do not place an unreasonably burden on the inmate's constitutional right. *Id.* Isolated instances of mishandled mail, "without evidence of improper motive or resulting interference with [the] right to counsel or to access to the courts," do not state a constitutional deprivation. *Smith v. Maschner,* 899 F.2d 940, 944 (10th Cir.1990). Consequently, occasional or inadvertent incidents of lost mail, mail tampering, or the mishandling of mail are not actionable under § 1983. *Pearson v. Simms*, 345 F. Supp. 2d 515, 519 (D. Md. 2003), *aff'd*, 88 Fed. Appx. 639 (4th Cir. 2004) (holding that "occasional incidents of delay or non-delivery of mail" are not actionable under § 1983). To the contrary, to assert a compensable claim, an inmate must show that prison officials "regularly and unjustifiably interfered with" his mail. *See, e.g., Buie v. Jones*, 717 F.2d 925, 926 (4th Cir. 1983)

Numerous district courts within the Fourth Circuit have considered comparable § 1983 claims by inmates who claim that their constitutional rights, including their First Amendment right to freedom of speech, were violated due to various mail delays. The courts have uniformly recognized that relatively isolated or short-term disruption in the delivery or receipt of an inmate's mail does not rise to the level of a constitutional deprivation. *See, e.g., Whitehouse v. Corner*, No. 1:10CV1020 CMH/TRJ, 2012 WL 508628, at *2 (E.D. Va. Feb. 14, 2012); *Adkins v. Chandler*, No. 2:19-CV-00210, 2020 WL 885968, at *3 (S.D.W. Va. Feb. 24, 2020); *Patterson v. W. Virginia Reg'l Jail & Corr. Facility Auth.*, No. 3:11-CV-00943, 2012 WL 3308607, at *9 (S.D.W. Va. July 3, 2012), *report and recommendation adopted sub nom. Patterson v. W. Virginia Reg'l Jail*, No. CIV.A. 3:11-0943, 2012 WL 3295876 (S.D.W. Va. Aug. 10, 2012); *Muhammad v.*

*Mathena*, No. 7:14-CV-00142, 2015 WL 4274280, at *2 (W.D. Va. July 14, 2015), *aff'd*, 627 F. App'x 283 (4th Cir. 2016); *and Woolfork v. Chesapeake Mail Clerk*, No. 1:09CV198 AJT/TCB, 2009 WL 7024994, at *1 (E.D. Va. Apr. 15, 2009), *aff'd*, 332 F. App'x 71 (4th Cir. 2009).

Plaintiff does not allege that a particular policy of the Jail was constitutionally invalid or that he suffered an actual injury as a result of his mail being delayed. Likewise, he makes no assertion that either of the named defendants deliberately, regularly, and unjustifiably interfered with his mail, and or even that they had any responsibility over the Jail's mail services. Plaintiff describes one instance in which his incoming mail was mishandled and later returned to the sender. However, he states no facts upon which to infer that this isolated event was the result of an improper motive or something more purposeful than mere human error. Therefore, Plaintiff fails to state a claim compensable at law.

## IV.    **Proposal and Recommendations**

For the reasons set forth above, the undersigned **DENIES** Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), and respectfully **RECOMMENDS** that the presiding District Judge **DISMISS** the complaint, (ECF No. 2), and **REMOVE** this civil action from the docket of the court.

Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the

Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Plaintiff.

**FILED:**  April 30, 2020

Cheryl A. Eifert
United States Magistrate Judge